1  SERENA M. WARNER, S.B. No. 264799
   Email: swarner@akk-law.com
2  ETHAN J. ZERTUCHA SB No. 340223
   Email: ezertucha@akk-law.com
3  **ANGELO, KILDAY & KILDUFF, LLP**
4  Attorneys at Law
601 University Avenue, Suite 150
5  Sacramento, CA  95825
6  Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

7

8  Attorneys for Defendants CITY OF SACRAMENTO, BRIAN BRUST, AND DAVID LAUCHNER

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| WARIS GILDERSLEEVE, | ) Case No.: 2:22-cv-02145-JAM-AC |
|---|---|
| Plaintiff, | ) **SEPARATE STATEMENT OF** |
| | ) **UNDISPUTED MATERIAL FACTS IN** |
| vs. | ) **SUPPORT OF DEFENDANTS'** |
| | ) **MOTIONS FOR SUMMARY JUDGMENT** |
| CITY OF SACRAMENTO, et al., | ) |
| | ) DATE:    June 17, 2025 |
| Defendants. | ) TIME:    1:00pm |
| | ) ROOM:   6 |

    Pursuant to Eastern District Local Rule 260(a), Defendants CITY OF SACRAMENTO, BRIAN BRUST, AND DAVID LAUCHNER hereby submit the following Separate Statement of Undisputed Material Facts in Support of their Motions for Summary Judgment/Partial Summary Judgment:

///

---
-1-
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT

# I.  STATEMENT OF UNDISPUTED FACTS

| **DEFENDANTS' UNDISPUTED MATERIAL FACT:** | **DEFENDANTS' EVIDENCE:** |
|---|---|
| 1. Gildersleeve began his employment with the City of Sacramento in about 2005 and remained a City employee as of the date of his deposition in January 2025. | Ex. A, p. 13:12-15, 22:20 – 23:15, 128:7-14, 210:1-24. |
| 2. In 2019, Gildersleeve entered the fire suppression academy and, after graduation from the academy, rotated through stations 43, 4, 15, 6, and 2 in the Sacramento Fire Department. | Ex. A, p. 23:19 – 24:1, 85:10 – 86:4, 128:19-24. |
| 3. He encountered no racial obstacles/problems at Stations 43, 4, and 2. | See generally First Amended Complaint; Ex. A, pp 86:14-25, 196:18-20. |
| 4. Brust and Lauchner were Captains at Station 6 during Gildersleeve's probationary rotation. | Ex. A, at 166:15 – 168:17. |
| 5. Gildersleeve's probationary file contained only a single disciplinary warning issued by Captain Budd in Station 4. | Ex. A, at 175:25 – 176:7; Ex. B. *See also* Ex. A, at 172:6 – 173:3 [admitting the admonishment might not have been written and indicating inability to find any such writing in his records].) |
| 6. "Needs improvement" and "unsatisfactory" ratings in the daily performance records during the probationary period do not impact the ability to pass probation at the conclusion of the probation period. | Declaration of Josh Calista, ¶¶ 2-4.  See also Ex. A, p.  248:7-20 [stating he was told "needs improvement" grades were typical during probation].) |
| 7. Gildersleeve does not allege or attribute any racially offensive statements to Lauchner. | See generally First Amended Complaint. See also generally Ex. A and Ex. A at 224:18-23, 225:18 – 226:23, 227:19 – 228:9. |
| 8. Gildersleeve concluded that Lauchner acted dismissively toward Joe Hunter, another black firefighter, by not verbally acknowledging Hunter's statements during dinner conversation. | Ex. A at pp. 228:22 – 229:19. *See also id*. at 230:20-24. |
| 9. Gildersleeve does not allege or attribute and racially offensive statements to Brust. | See generally First Amended Complaint. See also generally Ex. A and Ex. A at p. 215:2-12, 216:25 – 218:5, 224:14-17. |

| | |
|---|---|
| 10. Although Captain Brust opposed Gildersleeve's rotation from Station 6 to Station 2, Chief Helvin approved Gildersleeve's rotation from Station 6 to Station 2. | Ex. A at 192:4 – 194:16. |
| 11. Upon arrival at Station 2, its captains assured Gildersleeve they would disregard prior criticisms of his work. | Ex. A at 195:8 – 196:5. |
| 12. At a water rescue training in January 2021, Gildersleeve asked for size extra-large wet suit and Lauchner handed him one from a number of suits hanging nearby – Gildersleeve's suit was not pre-marked as specifically for him. | Ex. A at 198:12-24, 199:19 – 200:21. |
| 13. Upon entering the water, the suit began to leak, so Gildersleeve informed Lauchner of the leak, and Lauchner "went to his truck and grabbed [Gildersleeve] another suit." | Ex. A 202:4 – 203:2. |
| 14. Gildersleeve did not inform anyone his second suit leaked until after he was injured. | Ex. A at 203:3 – 205:25. |
| 15. Gildersleeve elected to return to fire prevention and, in 2023, became a senior fire prevention officer. | Ex. A at 22:20 – 23:15, 128:7-14, 210:1-24. |
| 16. Gildersleeve neither alleged nor testified that he was ever terminated, demoted, suspended, had his pay reduced, or denied promotion. | See generally First Amended Complaint; Ex. A. |

Dated:  April 14, 2025

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Serena M. Warner*
By:_____
    SERENA M. WARNER
    ETHAN J. ZERTUCHA
    Attorneys for Defendants
    CITY OF SACRAMENTO, BRIAN
    BRUST, AND DAVID LAUCHNER