**LAW OFFICES OF JOHNNY L. GRIFFIN III**
**JOHNNY L. GRIFFIN, III** (SBN 118694)
**MANOLO OLASO** (SBN 195629)
1010 F Street, Suite 200
Sacramento, California 95814
Telephone: (916) 444-5557
Fax: (916) 444-5558
Email: jgriffin@johnnygriffinlaw.com;
molaso@johnnygriffinlaw.com

Attorneys for Plaintiff WARIS GILDERSLEEVE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| WARIS GILDERSLEEVE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, et al.,<br><br>Defendants. | Case No.: 2:22-cv-02145-JAM-AC<br><br>**Opposition to Motion for Summary Judgment or alternatively Partial Summary Judgment; Memorandum of Points and Authorities**<br><br>Hearing Date: June 17, 2025<br>Time: 1:00 p.m.<br>Court: 6<br><br>Before the Honorable District Judge John A. Mendez |

## OPPOSITION

Plaintiff Waris Gildersleeve hereby opposes defendants' motion for summary judgment (MSJ; ECF Docs. 24 through 24-4) and submits this memorandum of points and authorities in support of his opposition. The MSJ should be denied because genuine issues of material fact exist as to plaintiff's disparate treatment discrimination theory, and as to the individual defendants' contribution to a hostile work environment. Plaintiff's opposition consists of this memorandum of

1

Plaintiff Waris Gildersleeve's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities
Gildersleeve v. City of Sacramento, et al.
Case Number 2:22-CV-02145-JAM-AC

points and authorities, his responses to defendant's statement of undisputed acts, his declaration, on the pleadings filed, and on any oral argument that may be made at the hearing of the motion.

Dated: April 28, 2025 /s/ Manolo Olaso
Manolo Olaso
Law Offices of Johnny L. Griffin, III
Attorneys for Plaintiff Waris Gildersleeve

## MEMORANDUM OF POINTS AND AUTHORITIES

I. Law and Argument

    A. Summary judgment standards

For summary judgment, defendants must show that there is "no genuine issue of material fact and [that] the moving party is entitled to summary judgment as a matter of law." *FRCP 56(c)(2)*. A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. *Id.*

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then-Fed. R. Civ. P. 56(e)). A factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 252 (1986). Once the burden shifts back to the non-moving party, it must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

Plaintiff Waris Gildersleeve's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities
Gildersleeve v. City of Sacramento, et al.
Case Number 2:22-CV-02145-JAM-AC

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing evidence presented by the non-movant must be sufficiently probative to permit a reasonable trier of fact to find in his favor. *Anderson*, *supra*, at 252. "The non-movant need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. American Hoechst Corp.,* 24 F. 3d 918, 921 (7th Cir. 1994). Because summary judgment is a "drastic device," cutting off the plaintiff's right to present her case to the jury, defendants bear a "heavy burden" of demonstrating the absence of any material issues of fact. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F. 3d 157, 160 (2nd Cir. 1999).

Additionally, "[t]he judge's function is not himself to weight [sic] the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial…Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions…." *Anderson*, *supra*, 477 US at 252.

"At the summary judgment stage, the non-movant's version of any disputed issue of fact is presumed correct." *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 US 451, 456 (1992). That is, the court must view the evidence presented on the motion in the light most favorable to the opposing party: "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, *supra*, 477 US at 252.

**B. Gildersleeve suffered disparate treatment discrimination because he received undeserved performance reviews which contributed to, caused, and/or were accompanied by abusive conduct because of his race which permanently altered his working environment at Station 6.**

The defense argues that Gildersleeve's disparate treatment claims under Title VII and FEHA fail because he cannot show he suffered an adverse employment action. However, the record shows that Gildersleeve suffered an adverse employment action: he received undeserved negative

3

Plaintiff Waris Gildersleeve's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities
Gildersleeve v. City of Sacramento, et al.
Case Number 2:22-CV-02145-JAM-AC

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

performance reviews because of his race, and the reviews caused, contributed to, and/or were closely accompanied by severe/pervasive conduct because of Gildersleeve's race which permanently altered his work environment.

To prove disparate treatment, the plaintiff must prove the following prima facie case: (1) the plaintiff suffered an adverse employment action by the defendant, (2) the defendant took the adverse action against the plaintiff because of plaintiff's race (3) the plaintiff was qualified for the position, and (4) similarly situated individuals outside the plaintiff's race were treated more favorably. *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006).

Here, the defense takes aim only at the first element: absence of adverse employment action.[1] The defense characterizes the circumstances surrounding Gildersleeve's probationary period as attempted adverse actions that ultimately were not fulfilled, and that Gildersleeve suffered no material changes in his employment.

An employer's action qualifies as an actionable adverse employment action only if it "materially affects the compensation, terms, conditions, or privileges of employment." *Spokoiny v. Univ. of Wash. Med. Ctr.*, 2025 U.S. App. LEXIS 5698, *2-3 (9th Cir. 2025) (*citing Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018); *quoting Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008)). Although a low performance review, standing alone, does not constitute an adverse employment action, the Ninth Circuit recognizes that if the review is

---

[1] The defense references the *McDonnell-Douglas* burden-shifting test. Although the test is useful at the summary judgment stage, its use is not required. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (2004) (citation omitted). When responding to a summary judgment motion, the plaintiff is presented with a choice regarding how to establish his or her case. *Ibid.* A plaintiff may proceed by using the *McDonnell-Douglas* test, or alternatively, may simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer. *Ibid.*

4

Plaintiff Waris Gildersleeve's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities
Gildersleeve v. City of Sacramento, et al.
Case Number 2:22-CV-02145-JAM-AC

accompanied by some change in the conditions/privileges of employment, those circumstances may be sufficient to qualify as an adverse employment action. *Ibid.*

The record shows that Brust and Lauchner wrote and/or contributed to the reporting of negative performance reviews for Gildersleeve, the reviews were undeserved (Gildersleeve Decl. paras. 22, 23, 30, 31), the reviews were negative because of Gildersleeve's race rather than performance, and the reviews caused, contributed to, and/or were accompanied by severe/pervasive racially abusive conduct that permanently altered Gildersleeve's work environment (*Gildersleeve Decl.* paras. 22, 23, 30, 31, 44).[2]

The record shows that Brust and Lauchner were cold and contemptuous towards Gildersleeve (*Gildersleeve Decl.* paras. 20, 23, 31, 34) as they were to the only other Black personnel at Station 6 (*Gildersleeve Decl.* paras. 18-19). The record shows Brust and Lauchner and other white firefighters were warm and friendly to one another and did not curse at a white probie who was there (Gildersleeve Decl. paras. 18, 21). In addition, Brust, Gildersleeve's supervisor, personally observed Gildersleeve being verbally abused at Station 6, but did nothing to intervene (Gildersleeve Decl. paras. 13, 14, 23, 25, 31). Finally, a jury could infer that it was Brust who contacted other captains at Station 2 to disseminate undeserved negative information about Gildersleeve (Gildersleeve Decl. para. 35). *See Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997) (dissemination of a negative employment reference can constitute an adverse employment action if motivated by discriminatory intent). Based on these circumstances, the undeserved low performance reviews and negative reference combined with the hostile working environment permanently changed the conditions and privileges of Gildersleeve's employment. He suffered an adverse employment action.

---

[2] The severe and/or pervasive nature of the racially abusive conduct is outlined in more detail in the section below regarding FEHA harassment by supervisors.

5

Plaintiff Waris Gildersleeve's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities
Gildersleeve v. City of Sacramento, et al.
Case Number 2:22-CV-02145-JAM-AC

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

**C. Individual liability for disparate treatment discrimination under FEHA.**

Under FEHA, only employers are liable for disparate treatment discrimination; individual employees, including supervisors, are not. *See Reno v. Baird*, 18 Cal.4th 640, 647 (1998) (superseded on other grounds by 2001 statute). For this reason, Gildersleeve does not oppose defendants' motion as to this FEHA disparate treatment individual liability theory.[3]

**D. Brust and Lauchner are individually liable under FEHA for racial harassment as Gildersleeve's supervisors.**

The defense argues that because Brust and Lauchner did not substantially assist or encourage harassment, they cannot be held individually liable under FEHA. Here, as discussed above, the record shows that Brust and Lauchner were cold and contemptuous towards Gildersleeve (*Gildersleeve Decl.* paras. 20, 23, 31, 34) as they were to the only other Black personnel at Station 6 (*Gildersleeve Decl.* paras. 18-19). The record shows Brust and Lauchner and other white firefighters were warm and friendly to one another and did not curse at a white probie who was there (Gildersleeve Decl. paras. 18, 21). In addition, Brust, Gildersleeve's supervisor, personally observed Gildersleeve being verbally abused at Station 6, but did nothing to intervene (Gildersleeve Decl. paras. 13, 14, 23, 25, 31). In fact, Brust witnessed Lauchner, one of Gildersleeve's supervisors, personally participate in cursing at Gildersleeve, and Brust did not intervene (Gildersleeve Decl. para. 23). Brust's and Lauchner's conduct and the conduct of subordinate firefighters violate the Rules and Regulations governing firefighter behavior (Gildersleeve Decl. paras. 5-6). A jury could infer from these violations that Brust and Lauchner participated in violations and/or encouraged and assisted in violations.

---

[3] However, defendants Brust and Lauchner, as individual supervisors, may be held liable for racial harassment. *See Cal. Gov't Code Sec. 12940 (j)(3)*; *Page v. Superior Court*, 31 Cal.App.4th 1206, 1212 (Cal. 3rd Dist.; 1995) (FEHA "unambiguous" in imposing personal supervisorial liability for harassment); *Roby v. McKesson Corp.*, 47 Cal.4th 686, 709 (2009) (individual supervisors can be held liable for "biased personnel management actions so long as that evidence is relevant to prove the communication of a hostile message").

Plaintiff Waris Gildersleeve's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities
Gildersleeve v. City of Sacramento, et al.
Case Number 2:22-CV-02145-JAM-AC

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Brust and Lauchner, as supervisors, laughed at and criticized Gildersleeve, along with other white firefighters, during presentations (Gildersleeve Decl. para. 26) and when Gardner cursed at Gildersleeve during dinner (Gildersleeve Decl. para. 25). A jury could infer from these circumstances that when white subordinates see their white supervisors laughing at and ridiculing Gildersleeve, the subordinates felt encouraged to laugh at and ridicule Gildersleeve too. Finally, a jury could infer from this record that Brust relied on reports from Lauchner and from subordinates to write negative comments in Gildersleeve's probation packet, meaning Brust encouraged Lauchner and subordinates to continue berating Gildersleeve by using their reports to fill out Gildersleeve's official probation packet. Also, a jury could infer that it was Brust who personally contacted other captains at Station 2 to disseminate undeserved negative information about Gildersleeve (Gildersleeve Decl. para. 35).

Based on these circumstances, a jury could find that Brust and Lauchner personally participated in the creation of a racially hostile work environment, and also substantially assisted/encouraged others to create and maintain a racially hostile work environment.

### E. FEHA failure to prevent discrimination

Gildersleeve alleges in his First Amended Complaint (FAC) that the City of Sacramento failed to prevent racial discrimination and harassment. FAC paras. 35-37. The defense argues there is no evidence to support a claim for racial discrimination, thus there can be no claim for failure to prevent racial discrimination. Because a jury could find racial discrimination and harassment occurred, as discussed above, the defendants' motion should be denied.

### CONCLUSION

Because the record shows disparate treatment racial discrimination by the City of Sacramento, and because the Brust and Lauchner personally participated in, and/or substantially assisted/encourage the creation of a racially hostile work environment, the defense motion should be denied.

Plaintiff Waris Gildersleeve's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities
Gildersleeve v. City of Sacramento, et al.
Case Number 2:22-CV-02145-JAM-AC

Dated: April 28, 2025　　　　　　　　　/s/ Manolo Olaso
　　　　　　　　　　　　　　　　　　Manolo Olaso
　　　　　　　　　　　　　　　　　　Law Offices of Johnny L. Griffin, III
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Waris Gildersleeve

Plaintiff Waris Gildersleeve's Opposition to Motion for Summary Judgment; Memorandum of Points and Authorities
Gildersleeve v. City of Sacramento, et al.
Case Number 2:22-CV-02145-JAM-AC