SERENA M. WARNER, S.B. No. 264799
   Email: swarner@akk-law.com
ETHAN J. ZERTUCHA SB No. 340223
   Email: ezertucha@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants CITY OF SACRAMENTO, BRIAN BRUST, AND DAVID LAUCHNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WARIS GILDERSLEEVE, | ) | Case No.: 2:22-cv-02145-JAM-AC |
| | ) | |
| Plaintiff, | ) | **REPLY TO OPPOSITION TO** |
| | ) | **DEFENDANTS' MOTIONS FOR** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| CITY OF SACRAMENTO, et al., | ) | DATE:    June 17, 2025 |
| | ) | TIME:    1:00 p.m. |
| Defendants. | ) | DEPT:    6 |
| | ) | |
| | ) | |
| | ) | |

# I. NO JURY QUESTIONS EXIST

The opposition confirms the absence of material factual issues, at least for those claims now challenged. Gildersleeve expressly admits *all* Defendants' proffered undisputed material facts. (ECF # 25-1.) Equally significant, Gildersleeve offers as disputed no other fact for jury resolution. (*Ibid.*) By definition, the parties thus agree the issues presented by the motions are ripe and apt for court adjudication, despite the opposition's mantra "a jury could infer," i.e., speculate, as to the occurrence of various scenarios/events.

# II. GILDERSLEEVE CONCEDES INDIVIDUAL DISCRIMINATION LIABILITY

Gildersleeve acknowledges that California disparate treatment liability may not lie as to Brust and Lauchner. (ECF # 25, p. 6.) By its silence, the opposition also concedes any Title VII claim against them.

# III. THE OPPOSITION SUPERFICIALLY TREATS CITY'S DISCRIMINATION LIABILITY

As to City's potential liability under Title VII and California's Government Code, the opposition agrees that, to qualify as an adverse employment action, the event must materially detriment the worker's employment terms/conditions. (ECF # 25, at 4.) Following this concession, Gildersleeve conflates his harassment and discrimination claims via the conclusory proposition that negative probationary performance scores/comments he received at Station 6 "permanently altered" his work environment by fostering race harassment. (*Id.* at pp. 3-5.)

This conclusion suffers various fatal ailments:

(1) no language in the memorandum disposition of *Spokoiny v. Univ. of Wash. Med. Ctr.*, 2025 U.S. App. LEXIS 5698, at *3 (9th Cir. Mar. 10, 2025), or any Ninth Circuit precedent cited therein, even hints at so blending hostile environment harassment analysis with the disparate treatment element of adverse action;

(2) assuming the theoretical validity of using co-employee harassment to gauge adverse action by the *employer*, glaringly missing is evidence any firefighter who cursed or berated Gildersleeve even knew about these performance evaluations, much less acted *because* of them. The opposition exposes its weakness by indefinitely asserting "the reviews caused, contributed to,

and/or were accompanied by [harassment]," citing five paragraphs of Gildersleeve's declaration – none of which purport to describe (even speculatively) such a causal link;

(3) Gildersleeve blithely ignores his own express admissions that Chief Helvin overruled those same supervisorial criticisms and allowed him to rotate to Station 2 a month later, where no further race harassment occurred (ECF # 25-1, pp. 2, 4 [Nos. 2-3, 10-11]; FAC, ¶ 23-24);

(4) similarly, Gildersleeve expressly admits the probationary performance reports did "not impact [his] ability to pass probation" (ECF # 25-1 at p. 3, No. 6);

(4) Gildersleeve does not assert his subsequent inability to complete firefighter probation stemmed from other than a physical injury (nor does the opp. pursue the FAC's speculation that Lauchner deliberately so harmed him).

Accordingly, the disparate treatment components of the First – Third claims fail for lack of adverse action by City.

## IV. THE AIDING AND ABETTING EVIDENCE IS ANEMIC

Turning to the hostile environment claims against Brust and Lauchner, the opposition rests on a rambling declaration from Gildersleeve (roughly half of which deals with events involving neither defendant) and the contention that, as to California racial harassment liability, Brust and Lauchner substantially aided the hostile environment by acting relatively "cold and contemptuous" toward him, i.e., non-intervention by Brust in the face of a co-employee cursing at Gildersleeve; laughter by both Brust and Lauchner when a co-employee cursed at Gildersleeve; and Brust's reliance on reports from Lauchner and others to negatively appraise Gildersleeve's work. (ECF # 25, at 6-7.)

**A.    THE DECLARATION SERVES NO APPARENT PURPOSE**

The opposition brief identifies no fact in Gildersleeve's declaration that either (a) contradicts anything historical stated in the motions,[1] or (b) augments that history/his deposition

---

[1] Although the declaration states Lauchner issued Gildersleeve a disciplinary notice for wearing the wrong jacket, his Exhibits 2-5 consist of mundane probationary progress reports already categorically addressed by the motions as neutral to probation matriculation. Moreover, none of those exhibits mention a jacket. Finally, Gildersleeve does not contend any white firefighter then wore such a jacket in Station 6 without repercussion, rendering the matter racially inert.

-3-
REPLY TO OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

testimony in some new and significant respect, much less argues that fact's supposed significance with citation to authority, which renders the declaration superfluous. Neither Defendants, nor the Court, properly bear the burden of sifting through 44 paragraphs to ascertain which portions arguably relate to the discrete issues now presented versus the hostile environment claim against City that lies outside the motions, and in a manner not redundant of the deposition excerpts exhibit.

### B. THE OPPOSING MEMORANDUM FAILS TO MEET THE DEFENSES

The opposition's perfunctory attempt to show Brust and/or Lauchner materially aided race harassment by others rings hollow in light of:

(1) Defendants' unrebutted authority that a managerial function like performance evaluation cannot so qualify;

(2) the unrebutted authority that mere nonfeasance is insufficient, even in the face of overt racial denigration (here absent); and

(3) the failure to explain how once laughing at racially-*neutral* teasing/scolding substantially contributed to hostility against minorities. (See ECF # 24-1, § IV.) Even if the co-employee teased/berated for racial reasons, the remarks' facial neutrality prevents as surmise the inference that the supervisor perceived and endorsed that unexpressed bias. Nor does evidence reflect that laughter encouraged a fourth employee to manifest racial hostility.

In short, the opposition retreats from specifically responding to Defendants' points and authorities – Gildersleeve rather tries to silently evade them by parroting the FAC's averments.

### V. CONCLUSION

This suit lacks a proper purpose for its existence. Gildersleeve's captains at Station 6 thought he could perform much better, as did some of his co-workers, but the Chief disagreed and allowed Gildersleeve to move forward with probation. The emotional distress he purports to have suffered rests on sheer speculation that racially-neutral remarks and events stemmed from hidden racial bias, rather than mundane dissatisfaction. He lost neither tangible benefit, nor advancement opportunity, and ultimately promoted within a different departmental division.

Personal antipathy toward Brust and Lauchner for pushing him too roughly warrants neither judicial attention, nor relief.

Dated: May 6, 2025

ANGELO, KILDAY & KILDUFF, LLP

By: */s/ Serena M. Warner*
    SERENA M. WARNER
    ETHAN J. ZERTUCHA
    Attorneys for Defendants
    CITY OF SACRAMENTO, BRIAN BRUST, DAVID LAUCHNER