UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARIS GILDERSLEEVE,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF SACRAMENTO; BRIAN BRUST, an individual; DAVID LAUCHNER, an individual, and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 2:22-cv-02145-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    Before the Court is the City of Sacramento, Brian Brust, and David Lauchner's (collectively, "Defendant(s)") motion for summary judgment. See Mot., ECF No.24. Waris Gildersleeve ("Plaintiff") opposed. See Opp'n, ECF No. 25. Defendant replied. See Reply, ECF No. 26. Plaintiff's Complaint contains three causes of action: (1) racial discrimination under Title VII of the 1964 Civil Rights Act; 42 U.S.C. 2000e, et seq., (2) racial discrimination/harassment under the California Fair Employment and Housing Act (FEHA); Govt. Code §12900, et seq., and (3) failure to prevent racial discrimination/harassment under California Fair Employment and Housing Act (FEHA); Govt. Code

1

§12940 (k). The City of Sacramento moves for partial summary judgement on the racial discrimination claims underlying causes of action 1-3 on grounds that Gildersleeve does not allege that he suffered an adverse employment action. Defendants Brust and Lauchner move for summary judgment on the FEHA claims alleged against them on the grounds that individuals cannot be liable for discrimination under FEHA and that the hostile work environment claims against them lack factual support. For the following reasons, Defendants' motion is granted.[1]

## I.   FACTUAL BACKGROUND

The allegations are well-known to the parties. The following facts relevant to resolution of this motion are undisputed. Gildersleeve is a firefighter with the City of Sacramento and has been an employee since 2005. See Undisputed Fact ("UF") No. 1, ECF No. 25-1. Gildersleeve rotated through a number of fire stations, including Stations 43, 4, 15, 6 and 2. UF No. 2. At Station 6, Gildersleeve was supervised by Brian Brust and David Lauchner. UF No. 4. During his rotations, Gildersleeve received some negative performance reviews, but these ratings did not impact his ability to pass probation. UF No. 6.

Gildersleeve encountered no racial obstacles or problems at Stations 43, 4, and 2, but alleges that there were issues at other stations. See UF Nos. 3, 38, 39; Gildersleeve Decl. ¶¶ 16-33, ECF No. 25-2. For example, Gildersleeve states that Brust and Lauchner were dismissive and acted cold toward him, that

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 17, 2025.

Brust and Lauchner as well as other firefighters would curse, criticize, and ridicule him, and that Brust would give him surprise quizzes. See Gildersleeve Decl. ¶¶ 20, 24, 31. At presentations and dinners, Brust and Lauchner would laugh along when other firefighters criticized Gildersleeve. See Gildersleeve Decl. ¶¶ 25-26. When it came time to rotate away from Station 6, Brust initially opposed Gildersleeve's rotation, but another chief ultimately approved of Gildersleeve's rotation to Station 2. See Gildersleeve Decl. ¶ 34.

Gildersleeve does not allege or attribute any racially offensive statements to Lauchner or Brust. See UF Nos. 7, 9. Gildersleeve was injured during a water rescue training in January 2021 due to a leaky wet suit handed to him by Lauchner, but after he returned to fire prevention, he became a senior fire prevention officer in 2023. Gildersleeve neither alleges nor testified that he was ever terminated, demoted, suspended, had his pay reduced, or denied promotion during his employment with the City of Sacramento. See UF No. 16.

## II. OPINION

### A. Legal Standard

Summary judgment is appropriate when the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to

1  make this showing, "the moving party is entitled to judgment as a
2  matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 323
3  (1986).
4      It is not a court's task "to scour the record in search of a
5  genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275,
6  1279 (9th Cir. 1996) (internal citation omitted). Rather, a
7  court is entitled to rely on the nonmoving party to "identify
8  with reasonable particularity the evidence that precludes summary
9  judgment." See id. (internal citation omitted). An opponent to
10 summary judgment "must do more than simply show that there is
11 some metaphysical doubt as to the material facts." Matsushita
12 Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
13     B.   Analysis
14     While Plaintiff's Complaint contains only three claims, it
15 actually includes six theories of liability: (1) racially
16 disparate treatment by City of Sacramento in violation of Title
17 VII (42 U.S.C. § 2000e); (2) racial harassment by City of
18 Sacramento in violation of Title VII (42 U.S.C. §2000e; (3)
19 racially disparate treatment by all Defendants in violation of
20 Cal. Government Code § 12900; (4) Racial harassment by all
21 Defendants in violation of Cal. Government Code § 12900; (5)
22 failure by the City of Sacramento to prevent racial
23 discrimination, in violation of Cal. Government Code § 12940(k);
24 and (6) failure by City of Sacramento to prevent racial
25 harassment, in violation of Cal. Government Code § 12940(k).
26 Defendant City of Sacramento moves for summary judgment on the
27 disparate treatment claims and Brust and Lauchner move for
28 summary judgment on their contributions to racial hostility. See

Mot. at 5.

### 1. Racial discrimination and disparate treatment

Plaintiff asserts a theory of racial discrimination based on racially disparate treatment under both Title VII and California's FEHA against Defendants City of Sacramento, Brian Brust, and David Lauchner. As an initial matter, neither Title VII nor FEHA recognizes individual liability for disparate treatment discrimination. Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir. 1995)("[u]nder Title VII there is no personal liability for employees, including supervisors such as McMillin," citing Miller v. Maxwell's Int'l, 991 F.2d 583, 587 (9th Cir. 1993); Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158, 1164 (2008) (chronicling prior such holdings). Plaintiff concedes that he cannot bring a disparate treatment claim against individuals Brust and Lauchner under FEHA. See Opp'n at 6. To the extent that Plaintiff pleads an individual theory of liability against the Brust and Lauchner based on racial discrimination, this theory fails as a matter of law.

As for the disparate treatment claims against the City of Sacramento, Defendants argue that Plaintiff cannot prove all the elements necessary under existing law. See Mot. at 9. To state a prima facie case of disparate treatment discrimination under Title VII and FEHA, the plaintiff must present evidence that (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. See Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008); Godwin v. Hunt Wesson, Inc., 150

F.3d 1217, 1219 (9th Cir. 1998) ("California law under the FEHA mirrors federal law under Title VII").  Defendants contend that Plaintiff cannot establish the third prong of Davis and cannot show that he was subject to an "adverse employment action."  See Mot. at 9-10.  Plaintiff responds that the facts he has established fulfill the third prong of Davis because he received undeserved negative performance reviews.  See Opp'n at 4.

An adverse employment action is one that "materially affect[s] the compensation, terms, conditions, or privileges of . . . employment."  Campbell v. Hawaii Dep't of Educ., 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008)).  A low performance review, standing alone, without impact on the compensation, terms, conditions, or privileges of employment does not amount to an adverse employment action.  Spokoiny v. Univ. of Wash. Med. Ctr., 2025 WL 752492 at *1 (9th Cir. 2025); Lucas v. Chi. Transit Auth., 367 F.3d 714, 731 (7th Cir. 2004) ("[t]here must be some tangible job consequence accompanying the reprimand to rise to the level of a material adverse employment action; otherwise, every reprimand or attempt to counsel an employee could form the basis of a federal suit").

Here, the "negative performance reviews" Plaintiff points to cannot be said to have materially affected his employment because he was able to progress through his station rotations and, after a temporary setback due to an injury, eventually achieved promotion.  See Opp'n at 5; Mot. at 9.  Gildersleeve expressly admits the probationary performance reports did "not impact [his] ability to pass probation" and it is undisputed that he was

6

promoted to senior fire prevention officer. See Undisputed Fact Nos. 6 and 15, ECF No. 25-1. Thus, the reprimands or negative reviews Gildersleeve received during his temporary probationary period did not ultimately impact his "compensation, terms, conditions, or privileges of employment." Spokoiny, 2025 WL 752492 at *1. Based on all of this evidence, Plaintiff cannot demonstrate a material adverse employment action and therefore cannot establish a prima facie case of racial discrimination. Defendants' motion for summary judgment on Plaintiff's Title VII and FEHA racial discrimination claims is granted.

> 2. Individual Liability for Racial Harassment Against Brust and Lauchner (FEHA)

In addition to his disparate treatment claims, Plaintiff also brings a state FEHA claim alleging individual liability for racial harassment against his supervisors Brian Brust and David Lauchner.[2] See FAC ¶¶ 32-34. Defendants Brust and Lauchner move for summary judgment on Plaintiff's FEHA racial harassment claims on the grounds that Plaintiff has not demonstrated enough facts to support a claim for their individual liability. See Mot. at 11. The Court agrees.

California's FEHA prohibits harassment on the basis of race. Dee v. Vintage Petroleum, Inc., 106 Cal.App.4th 30, 35 (2003). To prevail on a hostile workplace claim premised on race, "a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial . . . nature; (2) that the conduct

---

[2] Defendants note and Plaintiff does not dispute that Plaintiff does not maintain a Title VII claim for individual liability against Brust and Lauchner.

7

1  was unwelcome; and (3) that the conduct was sufficiently severe
2  or pervasive to alter the conditions of the plaintiff's
3  employment and create an abusive work environment." See Harris
4  v. City of Fresno, 625 F. Supp. 2d 983, 1013 (E.D. Cal. 2009)
5  (citing Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 642 (9th
6  Cir. 2003) and Dee, 106 Cal.App.4th at 35).  To determine whether
7  conduct was sufficiently severe or pervasive, a court examines
8  "all the circumstances, including the frequency of the
9  discriminatory conduct; its severity; whether it is physically
10 threatening or humiliating, or a mere offensive utterance; and
11 whether it unreasonably interferes with an employee's work
12 performance." Vasquez, 349 F.3d at 642.
13     Unlike Title VII, FEHA recognizes individual liability for
14 coemployees or supervisors.  In the context of individual
15 liability, a coemployee or supervisor may be held individually
16 liable for his own harassing conduct.  See Cal. Gov't Code Sec.
17 12940 (j)(3); Page v. Superior Court, 31 Cal.App.4th 1206, 1212
18 (Cal. 3rd Dist. 1995) (FEHA "unambiguous" in imposing personal
19 supervisorial liability for harassment); Roby v. McKesson Corp.,
20 47 Cal.4th 686, 709 (2009) (individual supervisors can be held
21 liable for "biased personnel management actions so long as that
22 evidence is relevant to prove the communication of a hostile
23 message").  A coemployee or supervisor may also be held liable
24 for affirmatively aiding and abetting harassment by others but
25 may not be held liable for mere inaction.  Fiol v. Doellstedt, 50
26 Cal. App. 4th 1318, 1326 (1996).
27     Plaintiff argues in his opposition that the record provides
28 the following evidence of Brust and Lauchner's racial harassment:

8

(1) Brust and Lauchner were cold and contemptuous towards Gildersleeve, as they were to the only other Black personnel at Station 6; (2) Brust and Lauchner personally observed Gildersleeve being verbally abused at Station 6, but did nothing to intervene; (3) Brust witnessed Lauchner personally participate in cursing at Gildersleeve but did not intervene; (4) Brust and Lauchner laughed at and criticized Gildersleeve, along with other white firefighters, during presentations and during dinner; and (5) Brust relied on reports from Lauchner to write negative comments in Gildersleeve's probation packet and disseminated negative information about Gildersleeve. See Opp'n at 6-7.

However, as Defendants point out, the evidence against Brust and Lauchner is devoid of any racial comment or discriminatory action. See Mot. at 12-13; Reply at 3-4. Plaintiff does not put forth any evidence that Brust or Lauchner physically threatened him or that their actions unreasonably interfered with his work performance. At best, the record pertaining to Brust and Lauchner demonstrates that they were indifferent to comments by others and engaged in race-neutral scolding, but not that they affirmatively aided or abetted any racial harassment on their own. Id.

Under FEHA, "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Dominguez-Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1034 (9th Cir. 2005). As evidenced by his eventual promotion, the terms of Gildersleeve's employment went unaffected and Gildersleeve's faulty dry suit incident bears no indication

of racial animus.  As for any negative performance evaluations, caselaw makes clear that "office or work station assignments, promotion or demotion, [and] performance evaluations. . . ." are the type of normal managerial decisions that do not constitute harassment.  See Reno v. Baird, 18 Cal.4th 640, 646-647 (1998).

Reading the record in the light most favorable to the Plaintiff, no reasonable jury could find that Brust and/or Lauchner personally participated in the creation of a racially hostile work environment or that they substantially assisted or encouraged others to create and maintain a racially hostile work environment.  See Vasquez, 349 F.3d at 642 and Dee, 106 Cal.App.4th at 35; Fiol, 50 Cal. App. 4th at 1326.  As such, Defendants' motion for partial summary judgment on the FEHA claims against Brust and Lauchner is granted.

        3.    Failure to Prevent Racial Discrimination/
            Harassment

Because Plaintiff's racial discrimination claims fail, it follows that Defendant City of Sacramento is also entitled to partial summary judgment on Plaintiff's third cause of action alleging failure to prevent racial discrimination.  "An actionable claim under section 12940, subdivision (k) is dependent on a claim of actual discrimination."  Scotch v. Art Institute of California, 173 Cal.App.4th 986, 1021 (2009). Absent proof of underlying discrimination, a claim for a failure to prevent discrimination cannot be properly stated.  Dickson v. Burke Williams, Inc., 234 Cal.App.4th 1307, 1315-1316 (2015).

Defendant City of Sacramento has not moved for summary judgment on Plaintiff's simultaneously pled failure to prevent

10

racial harassment nor does it present any argument to the contrary in its moving papers.  Thus, Plaintiff's third cause of action is preserved against the City of Sacramento for failure to prevent racial harassment.

### III. ORDER

For the reasons set forth above, Defendants' motion for summary judgment is GRANTED as to any racial discrimination claims based on a racially disparate treatment theory. Defendants' motion for summary judgment is also GRANTED as to the individual FEHA hostile work environment claims against Defendants Brust and Lauchner.

The remaining claims are as follows: the first cause of action based on Title VII against the City of Sacramento on a racial harassment theory; the second cause of action based on California's FEHA against the City of Sacramento on a racial harassment theory; and the third cause of action based on California's FEHA against the City of Sacramento on a failure to prevent racial harassment theory.

IT IS SO ORDERED.

Dated:  July 28, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE